MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARIA  GLORIA  MARTINEZ, *individually*
*and on behalf of others similarly situated,*

<table>
<tr><td></td><td></td></tr>
</table>

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
| RAMEN MEIJIN INC.  (D/B/A MEIJIN<br>RAMEN), DEE JING, INC.  (D/B/A KUU<br>RAMEN), AROY DEE, and JOHN DOE, | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Maria  Gloria  Martinez ("Plaintiff Martinez" or "Ms. Martinez"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Ramen Meijin Inc. (d/b/a Meijin Ramen), Dee Jing, Inc. (d/b/a Kuu Ramen), ("Defendant Corporations"), Aroy Dee  and  John Doe , ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Martinez is a former employee of Defendants Ramen Meijin Inc. (d/b/a Meijin Ramen), Dee Jing, Inc. (d/b/a Kuu Ramen), Aroy Dee, and John Doe.

2.      Defendants own, operate, or control two Japanese Restaurants, located at 1574 2nd Ave, New York, NY 10028 under the name "Meijin Ramen" and at 20 John Street, New York, NY 10038 under the name "Kuu Ramen".

3.      Upon information and belief, individual Defendants Aroy Dee and John Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Martinez was employed as a dishwasher at the restaurants located at 1574 2nd Ave, New York, NY 10028 and 20 John Street, New York, NY 10038.

5.      At all times relevant to this Complaint, Plaintiff Martinez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Martinez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Martinez the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Martinez wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Martinez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Martinez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Martinez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Martinez's state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Japanese Restaurants located in this district. Further, Plaintiff Martinez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Maria Gloria Martinez ("Plaintiff Martinez" or "Ms. Martinez") is an adult individual residing in Bronx County, New York.

16.    Plaintiff Martinez was employed by Defendants at Meijin Ramen and Kuu Ramen from approximately 2014 until on or about January 2020.

17.    Plaintiff Martinez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.    At all relevant times, Defendants owned, operated, or controlled two Japanese Restaurants, located at 1574 2nd Ave, New York, NY 10028 under the name "Meijin Ramen" and at 20 John Street, New York, NY 10038 under the name "Kuu Ramen".

19.    Upon information and belief, Ramen Meijin Inc. (d/b/a Meijin Ramen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1574 2nd Ave, New York, NY 10028.

20.    Upon information and belief, Dee Jing, Inc. (d/b/a Kuu Ramen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 20 John Street, New York, NY 10038.

21.    Defendant Aroy Dee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Aroy Dee is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Aroy Dee possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Martinez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant John Doe  is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe  is sued individually in his

capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Martinez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate two Japanese Restaurants located in the Lower East side and the Upper East Side sections of Manhattan in New York City.

24.     Individual Defendants, Aroy Dee and John Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Martinez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Martinez, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Martinez (and all similarly situated employees) and are Plaintiff Martinez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Martinez and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Aroy Dee and John Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

   f)  intermingling assets and debts of their own with Defendant Corporations,

   g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

   h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Martinez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Martinez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Martinez's services.

31.    In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.    Plaintiff Martinez is a former employee of Defendants who was employed as a dishwasher.

34.    Plaintiff Martinez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria Gloria Martinez*

35.    Plaintiff Martinez was employed by Defendants from approximately 2014 until on or about January 2020.

36.    Defendants employed Plaintiff Martinez as a dishwasher.

37.    Plaintiff Martinez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.    Plaintiff Martinez's work duties required neither discretion nor independent judgment.

39.    From approximately September 2014 until on or about June 2015, Plaintiff Martinez worked at the Meijin Ramen location from approximately 11:00 a.m. until on or about 11:00 p.m., 7 days a week (typically 84 hours per week).

40.     From approximately June 2015 until on or about September 2015, Plaintiff Martinez worked at the Kuu Ramen location from approximately 10:00 a.m. until on or about 4:00 p.m., 5 days a week (typically 30 hours per week).

41.     From approximately June 2015 until on or about September 2015, Plaintiff Martinez worked at the Meijin Ramen location from approximately 5:00 p.m. until on or about 11:00 p.m., 5 days a week (typically 30 hours per week).

42.     From approximately September 2015 until on or about December 2018, Plaintiff Martinez worked at the Kuu Ramen location from approximately 10:00 a.m. until on or about 10:00 p.m., 5 days a week and from approximately 10:00 a.m. until on or about 4:00 p.m., on Tuesdays (typically 66 hours per week).

43.     Throughout her employment, Defendants paid Plaintiff Martinez her wages by check.

44.     From approximately September 2014 until on or about December 31, 2018, Defendants paid Plaintiff Martinez $12.00 per hour.

45.     For approximately one weekIn January 2020, Defendants did not pay Plaintiff Martinez any wages for her work.

46.     From approximately September 2014 until on or about December 2018, Plaintiff Martinez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

47.     Defendants required Plaintiff Martinez to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

48.     On a number of occasions, Defendants required Plaintiff Martinez to sign a document, the contents of which she was not allowed to review in detail.

49.     In addition, in order to get paid, Plaintiff Martinez was required to sign a document in which Defendants misrepresented the hours that she worked per week.

50.     Defendants took improper and illegal deductions from Plaintiff Martinez's wages; specifically, Defendants deducted $15 from Plaintiff Martinez's weekly wages for mistakes made at work.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Martinez an accurate statement of wages, as required by NYLL 195(3).

53.     In fact, from approximately September 2014 until on or about December 2018, Defendants adjusted Plaintiff Martinez's paystubs so that they reflected inaccurate wages and hours worked.

54.     Defendants did not give any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

55.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

56.     Plaintiff Martinez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

57.    Defendants' pay practices resulted in Plaintiff Martinez not receiving payment for all her hours worked, and resulted in Plaintiff Martinez's effective rate of pay falling below the required minimum wage rate.

From approximately September 2014 until on or about December 2018, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58.    On a number of occasions, Defendants required Plaintiff Martinez to sign a document the contents of which she was not allowed to review in detail.

59.    Defendants required Plaintiff Martinez to sign a document that reflected inaccurate or false hours worked.

60.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Martinez (and similarly situated individuals) worked, and to avoid paying Plaintiff Martinez properly for her full hours worked.

62.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Martinez and other similarly situated former workers.

64.    Defendants failed to provide Plaintiff  Martinez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff Martinez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.     Plaintiff Martinez brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67.     At all relevant times, Plaintiff Martinez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

- 11 -

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

68.    The claims of Plaintiff Martinez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69.    Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

70.    At all times relevant to this action, Defendants were Plaintiff Martinez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Martinez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

71.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73.    Defendants failed to pay Plaintiff Martinez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74.    Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75.    Plaintiff Martinez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

76.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

77.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78.     Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Martinez (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

80.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Martinez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Martinez, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

82.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Martinez less than the minimum wage.

83.     Defendants' failure to pay Plaintiff Martinez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Martinez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

85.      Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Martinez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.     Defendants' failure to pay Plaintiff Martinez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88.     Plaintiff Martinez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

89.      Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants failed to pay Plaintiff Martinez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Martinez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

91.     Defendants' failure to pay Plaintiff Martinez an additional hour's pay for each day Plaintiff Martinez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

92.     Plaintiff Martinez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

93.      Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to provide Plaintiff Martinez with a written notice, in English and in Spanish (Plaintiff Martinez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.     Defendants are liable to Plaintiff Martinez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

96.        Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

97.        With each payment of wages, Defendants failed to provide Plaintiff Martinez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.        Defendants are liable to Plaintiff Martinez in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

99.        Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

100.      At all relevant times, Defendants were Plaintiff Martinez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

101.      Defendants made unlawful deductions from Plaintiff Martinez's wages; specifically, Defendants deducted $15 dollars from Plaintiff Martinez's weekly wages for mistakes made at work.

102.      The deductions made from Plaintiff Martinez's wages were not authorized or required by law.

103.      Through their knowing and intentional efforts to take unauthorized deductions from

Plaintiff Martinez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

104.    Plaintiff Martinez was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

105.    Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

106.    Defendants did not pay Plaintiff Martinez on a regular weekly basis, in violation of NYLL §191.

107.    Defendants are liable to Plaintiff Martinez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martinez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Martinez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Martinez and the FLSA Class members;

(f)    Awarding Plaintiff Martinez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Martinez and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Martinez;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Martinez;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Martinez's compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Martinez;

(n)    Awarding Plaintiff Martinez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiff Martinez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Martinez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Martinez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Martinez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Martinez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

September 3, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 19, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Maria Gloria Martinez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     19 de Octubre 2020

*Certified as a minority-owned business in the State of New York*